SIDNEY GRADNEY v. THE STATE.

No. 17719.   Delivered October 30, 1935.
Rehearing Denied December 4, 1935.

The opinion states the case.

*V. M. Toomey,* of Houston, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of robbery and his punishment was assessed at confinement in the State penitentiary for a term of twenty-five years.

The testimony adduced by the State is, in substance, as follows: On the morning of December 3rd, A. D. 1934, at about 6:30, while Miss Catherine Shannon was on her way to her work, and while walking up St. Emanuel Street in the City of Houston, she was assaulted by a negro man who robbed her of her purse which contained five dollars in money, a check in the sum of three dollars, besides some minor articles. Upon being attacked she resisted the robber and screamed. In the struggle which ensued she was struck in the mouth with a screw driver or ice pick which caused a serious wound under her tongue, and in addition thereto she received some bruises on her neck and face. A lady who was asleep in a house near the scene of the alleged robbery rushed to Miss Shannon's assistance. When she reached the scene of the alleged robbery the robber had disappeared. An ambulance was summoned and Miss Shannon was taken to a hospital for treatment. The officers obtained from her a description of the person who committed the robbery and the next morning arrested the appellant, who was later, with two other negroes, taken to the hospital where Miss Shannon identified the appellant as her assailant. The appellant denied the act, and testified to an alibi in which he was corroborated by his sister and one or two other negroes.

By bill of exception No. 1 appellant complains of the action

of the court in not permitting his attorney, in testing the qualification of prospective jurors, to propound to them the following question: "If, by any fortuitous circumstance, any of you were in a position in which this defendant is, a negro, charged with an offense against a white woman; and in your frame of mind now; and considering the offense and the fact that you are white and he a negro would you be willing, if he, sat in your seat as a prospective juror and you sat in his seat as a defendant, to be chosen as a juror in your case," to which the district attorney objected as not a proper question or inquiry, which objection was sustained by the court. It occurs to us that the ruling of the court was correct. The jurors were not on trial and whether they or any of them would or would not want the appellant to sit as a juror in any case against them or either of them, or what objection, if any, they or either of them may have had to appellant as a juror was not a pertinent inquiry. An answer "yes" or "no" would not have authorized a challenge for cause. From the court's qualification to the bill of exception it appears that appellant did not exhaust his peremptory challenges; that he had four left after the jury was selected. It does not appear from the record that any objectionable juror was forced upon the appellant, and no injury is shown to have resulted to appellant from the action of the court.

By bill of exception No. 2 appellant complains of the action of the trial court in permitting the district attorney, in cross-examining the appellant, to exhibit to him a pistol and to ask him if that was the pistol he had on his person at the time of his arrest. The appellant based his objection to the same on the ground that it was irrelevant, inasmuch as it was not shown that a pistol was used in the commission of the alleged offense; that it was proof of an extraneous offense. The court qualified said bill, and in his qualification certifies that appellant in his direct testimony said that he had a pistol on his person when arrested. This testimony appears on page 42 of the statement of facts. It is obvious that appellant first injected the matter into the case. The district attorney, in his cross-examination of appellant on the subject, merely exhibited the pistol to him and had him to identify it. If there was any error in this the appellant himself brought it into the case, and will not be permitted to take advantage of his own error.

Finding no reversible error in the record, the judgment of the trial court is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant insists that his bill of exception shows error which complained that the district attorney was permitted on cross-examination of appellant to exhibit a pistol and have him identify it as the one he had when arrested. On direct examination appellant had testified that he had on his person when arrested a pistol, and went into details explaining why he was carrying it. We think any claim that hurt could have resulted because the district attorney had him identify the pistol is exaggerated.

Appellant's motion for rehearing is overruled.

*Overruled.*